IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEIDRA RITCHHART,<br><br>     Plaintiff,<br><br>v.<br><br>TODD PUFFER, et al.,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT<br><br><br>Case No. 4:23-cv-00001-PK<br><br>Magistrate Judge Paul Kohler |

  This matter comes before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915 and DUCivR 3-2. For the reasons discussed below, the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing her claims.

I. BACKGROUND

  The following facts are taken from Plaintiff's Complaint. Plaintiff alleges that she was hired to work for the United States Postal Service ("USPS"). Plaintiff alleges she was treated poorly by her supervisors and others. Plaintiff also alleges that she requested an accommodation due to her irritable bowel syndrome and provided a doctor's note to support her request. Plaintiff alleges that she was terminated soon after she provided the note. Plaintiff alleges that she was given differing reasons as to why she was terminated. Plaintiff brings claims for gender discrimination under Title VII and disability discrimination under the Americans with Disabilities Act ("ADA").

1

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis* ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[1]

Plaintiff's Complaint suffers from the following deficiencies. First, Plaintiff, as a former federal employee, incorrectly asserts a claim under the ADA. The ADA expressly excludes the federal government from the definition of "employer."[2] Instead, "the Rehabilitation Act [29 U.S.C. § 791] is the exclusive remedy for [a USPS employee's] claim of disability discrimination."[3] Therefore, Plaintiff must amend her complaint to remove her claim under the ADA and assert a claim under the Rehabilitation Act.

Second, Plaintiff names a number of improper Defendants and fails to name the only proper Defendant. The procedural requirements applicable to Plaintiff's Title VII and Rehabilitation Act claims are the same.[4] Pursuant to 42 U.S.C. § 2000e-16(c), the proper

---

[1] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012) ("Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status.").

[2] 42 U.S.C. § 12111(5)(B)(i).

[3] *Vidacak v. Potter*, 81 F. App'x 721, 723 (10th Cir. 2003)

[4] 29 U.S.C. § 794a(a)(1).

defendant for these claims is "the head of the department, agency, or unit." As such, the United States Postmaster General is the only proper defendant for Plaintiff's claims.[5] Therefore, Plaintiff must amend her Complaint to remove as Defendants the USPS and her individual supervisors and, instead, assert her claims against the United States Postmaster General.

Finally, Plaintiff's claims against the union representatives fail for substantially the same reasons. The union representatives are not proper parties to Plaintiff's Title VII and Rehabilitation Act claims. Even if they were, Plaintiff has failed to allege a plausible cause of action against them.

In sum, Plaintiff must amend her Complaint to: (1) remove her ADA claim; (2) assert a claim under the Rehabilitation Act; (3) remove all currently named Defendants; and (4) name the United States Postmaster General as a Defendant.

III.  CONCLUSION

It is therefore

ORDERERED that Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a single document entitled, "Amended Complaint," that does not refer to or include any other document. The Amended Complaint MAY NOT include claims outside or beyond what was already contained in the complaint originally filed here. If an amended complaint is filed, the Court will screen it for dismissal or an order effecting service upon valid defendants. If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action may be dismissed without further notice.

---

[5] *Brezovski v. United States Postal Service*, 905 F.2d 334, 335 (10th Cir. 1990); *Johnson v. United States Postal Service*, 861 F.2d 1475, 1478 (10th Cir. 1988).

DATED this 6th day of January, 2023.

BY THE COURT:

_____
Paul Kohler
United States Magistrate Judge