IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEIDRA RITCHHART,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>LOUIS DEJOY, United States Postmaster General, et al.,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 4:23-cv-00001-PK<br><br>Magistrate Judge Paul Kohler |

　　　　This matter is before the Court on Plaintiff's Motion to Appoint Counsel.[1] Plaintiff has no constitutional right to counsel.[2] However, the Court may in its discretion, appoint counsel.[3] "The burden is upon the applicant to convince the court that there is sufficient merit to [her] claim to warrant the appointment of counsel."[4] When deciding whether to appoint counsel, the Court considers a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [her] claims, and the complexity of the legal issues raised by the claims.'"[5]

　　　　Considering the above factors, the Court concludes appointment of counsel is not warranted. It is unclear at this point whether Plaintiff's claims are meritorious, the factual issues

---

[1] Docket No. 27, filed March 13, 2023.

[2] See *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] 28 U.S.C. § 1915(e)(1).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

1

are relatively straightforward, Plaintiff has the ability to present her claims, and the legal issues are not complex. Thus, the Court will deny Plaintiff's Motion to Appoint Counsel (Docket No. 27) without prejudice.

Also before the Court is Plaintiff's Motion for Partial Summary Judgment.[6] Plaintiff requests judgment against Brian Renfroe, arguing that he has failed to file an answer. The Court construes this motion as a motion for entry of default. Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Mr. Renfroe has corresponded with the Court, noting that the Court declined to order service on him because Plaintiff failed to state a claim against him. This is sufficient to "otherwise defend" under Rule 55(a). As a result, Plaintiff is not entitled to default.

Accordingly, Plaintiff's Motion for Partial Summary Judgment (Docket No. 28) is DENIED.

DATED this 15th day of March, 2023.

BY THE COURT

PAUL KOHLER
United States Magistrate Judge

---

[6] Docket No. 28, filed March 13, 2023.