IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DEIDRA RITCHHART,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LOUIS DEJOY, United States Postmaster General,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 4:23-cv-00001-PK<br><br>Magistrate Judge Paul Kohler |

　　　　This matter is before the Court on Plaintiff's Motion for Summary Judgment[1] and Defendant's Motion to Dismiss.[2] For the reasons discussed below, Plaintiff's Motion is denied, and Defendant's Motion is granted.[3]

I.  MOTION FOR SUMMARY JUDGMENT

　　　　Plaintiff requests judgment against Defendant, arguing that he failed to timely answer. The Court construes this motion as a motion for entry of default. Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

---

[1] Docket No. 37, filed April 17, 2023.

[2] Docket No. 35, filed April 17, 2023.

[3] The parties have consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. Docket No. 39.

Here, Defendant was served on February 15, 2023, making his answer due April 16, 2023.[4] Since April 16, 2023, was a Sunday, Defendant's responsive pleading became due the following day, April 17, 2023.[5] On April 17, 2023, Defendant filed a Motion to Dismiss under Rule 12(b)(6). This is sufficient to "otherwise defend" under Rule 55(a).[6] As a result, Plaintiff is not entitled to default, and her Motion is denied.

## II.  MOTION TO DISMISS

### A. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[7] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[8] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic

---

[4] Fed. R. Civ. P. 12(a)(2) (providing 60 days for a United States officer or employee to respond).

[5] Fed. R. Civ. P. 6(a)(1)(C) (stating that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[6] *See Cummings v. U. S. Postal Serv.*, No. 20-7066, 2021 WL 4592271, at *2 (10th Cir. Oct. 6, 2021).

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[12]

In considering a motion to dismiss, a district court considers "not only the complaint, but also the attached exhibits,"[13] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[14] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[15]

B.  DISCUSSION

Plaintiff, a former postal service employee, brings claims under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. "Federal employees alleging discrimination or

---

[10] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[11] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[12] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[13] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[14] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

[15] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

retaliation prohibited by Title VII or the Rehabilitation Act must comply with specific administrative complaint procedures in order to exhaust their administrative remedies."[16] "This regulatory exhaustion requirement is not a jurisdictional prerequisite for suit but is a claims-processing rule that the employer may raise as an affirmative defense."[17] And "the court must enforce this exhaustion requirement if the employer properly raises it."[18]

Here, there is no dispute that Plaintiff has not completed the exhaustion requirement. In her Complaint and Amended Complaint Plaintiff admits that she has failed to fully exhaust her administrative remedies.[19] And, in response to Defendant's Motion, Plaintiff agreed that she had not yet completed the exhaustion procedures.[20] As such, Plaintiff's claims are premature and must be dismissed without prejudice to allow her to complete the administrative process.

In response, Plaintiff cites to a Utah statue that allows a court to waive the exhaustion requirement in certain circumstances.[21] But this provision of Utah's Administrative Procedures Act has no application in this case as her claims arise under Title VII and the Rehabilitation Act. Plaintiff further appears to argue that continuing the administrative process would be futile.

---

[16] *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020) (quoting *Showalter v. Weinstein*, 233 F. App'x 803, 804 (10th Cir. 2007)).

[17] *Id.*

[18] *Id.*

[19] *See* Docket Nos. 5, 9. Because of Plaintiff's admission, the Court need not consider the other materials provided by Defendant.

[20] Docket No. 40, at 1 (stating that Plaintiff "agree[d] completely" with paragraph 7 of Defendant's Motion, wherein he states that Plaintiff has not fully exhausted her administrative remedies)

[21] Utah Code Ann. § 63G-4-401(2)(b).

However, the fact that Plaintiff does not believe that she will obtain her desired result does not excuse her noncompliance.[22] Therefore, this action must be dismissed without prejudice.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 37) is DENIED. It is further

ORDERED that Defendant's Motion to Dismiss (Docket No. 35) is GRANTED. This action is dismissed without prejudice.

DATED this 23rd day of May, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[22] *Fromm v. MVM, Inc.*, 371 F. App'x 263, 268 (3d Cir. 2010) ("[Plaintiff's] opinion that partaking of the available process would not have resulted in a favorable outcome does not excuse procedural non-compliance.").